UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>              Plaintiff,<br><br>   v.<br><br>LINDSAY MARIE CLARK,<br><br>              Defendant. | Case No. 21-cr-00132-SI-1<br><br>**ORDER ON DISCOVERY MOTIONS**<br><br>Re: Dkt. Nos. 37, 38, 39, 40, 41, 42, 43, 63 |

Before the Court are eight discovery motions filed by Dr. Lindsay Marie Clark. Dkt. Nos. 37–43, 63. The government opposes. Dkt. Nos. 50–56, 63. Dr. Clark filed one reply for motions 1–7 and a separate reply for motion 8. Dkt. Nos. 62, 66. A hearing was held on October 11, 2022.

At the hearing, Dr. Clark notified the Court that the government had obtained a new search warrant and objected to the possible inclusion of emails covered by attorney-client privilege and marital privilege. *See* Dkt. No. 68. The Court ordered any emails on or after May 28, 2020 be segregated under seal in case they contain materials protected by attorney-client privilege. The Court further ordered a special master be assigned to review the pre-May 28, 2020 emails for marital privilege. *Id.*

Defendant's discovery motions are **DENIED** for the following reasons.

Motion #1, requests 2 and 3, and Motion #2, request 6 are **DENIED** because Dr. Clark has not shown that the information requested is material. *See United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). While documents concerning Dr. Clark *herself* are material, warnings, requests for regulatory meeting, and other information concerning other parties are not material.

Motion #4, requests 2 and 3 are **DENIED.** Dr. Clark seeks to compel the government to obtain evidence in the possession of Allergan. *See* Dkt. No. 40 at 3. The government is "deemed

to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *U.S. v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). This duty exists "[b]ecause the prosecution is in a unique position to obtain information known to other agents of the government." *Carriger v. Stewart*, 132 F.3d 463, 480 (1997). But Allergan is not a federal agency. While the prosecutor in a case "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case," *Kyles v. Whitley*, 514 U.S. 419, 437 (1995), there is no duty to obtain evidence from third parties. Despite her protestations that Allergan has "assisted" the government with its investigation and will "benefit" from prosecution, Dr. Clark has failed to show that the private company is a government agency. Dkt. No. 62 at 13. Based on the government's assertion that the responsive documents in its possession have been produced, these requests are **DENIED**.

Motion #4, request 3, and Motion #6 are **DENIED** as premature.

Motion #7 is **DENIED** as overbroad and premature. The government is required to disclose "information favorable to the defense that meets the appropriate standard of materiality" when the defense requests personnel files of testifying officers. *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991). *Henthorn* does not require disclosure of the entire file. Indeed, the Ninth Circuit has held that a court abused its discretion when it ordered "disclosure of the entire personnel file [of testifying officers] without first conducting an in camera inspection to determine whether the files contained any *Brady* material." *U.S. v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984). The request for a list of Allergan-related investigations on which Agent Moon has worked is **DENIED** as Dr. Clark has not made a threshold showing of materiality for this request. *See United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).

All remaining requests are **DENIED** as moot based on the government's representation that it has produced and is continuing to produce all responsive documents.

**IT IS SO ORDERED**.

Dated: October 18, 2022

SUSAN ILLSTON
United States District Judge