1  ILLOVSKY & CALIA LLP
   Matthew Dirkes (State Bar No. 255215)
2  matt@illovskycalia.com
   1611 Telegraph Ave., Ste. 806
3  Oakland, CA 94612
4  Telephone: (415) 500-6640

5  Attorney for Defendant
   LINDSAY MARIE CLARK
6

7

8
                  **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10
                       **SAN FRANCISCO DIVISION**
11

12
   UNITED STATES OF AMERICA,                Case No. 21-cr-00132-SI
13
                    Plaintiff,              **DR. LINDSAY CLARK'S UNOPPOSED
14                                          MOTION FOR EARLY TERMINATION
            v.                              OF PROBATION AND [PROPOSED]
15                                          ORDER**

16 LINDSAY MARIE CLARK,

17                    Defendant.

18

19

20

21

22

23

24

25

26

27

28
                                                  MOT. FOR EARLY TERMINATION
                                                             OF PROBATION
                                                      Case No.: 21-cr-0132-SI

Dr. Lindsay Clark respectfully moves the Court for an order terminating her term of probation. Undersigned counsel of record has conferred with Dr. Clark's U.S. Probation Officer and with counsel for the government and neither the U.S. Probation Office nor the government opposes early termination.

## I.  BACKGROUND

In April of last year, the Court sentenced Dr. Clark to three years of probation after Dr. Clark pleaded guilty to single misdemeanor count under 21 U.S.C. § 331(c) and 21 U.S.C. § 333(a)(1). ECF No. 108. The misdemeanor violation is a strict liability offense. Criminal liability attaches even where the defendant lacks knowledge that receipt of the product violated the law. *United States v. Watkins*, 278 F.3d 961, 964 (9th Cir. 2002).

Before this case, Dr. Clark had led an exemplary life free of any negative contact with law enforcement. She dedicated her time to helping others and, more recently, raising her young children. PSR, ECF No. 100, ¶¶ 56-74. Shortly after her sentencing, she made full payment on her significant restitution obligation. ECF No. 135 ¶ 1. Since her term of probation began more than a year ago, she has been in full compliance with her conditions of supervision.

## II.  EARLY TERMINATION IS APPROPRIATE

Where the underlying conviction is a misdemeanor, the Court may "terminate a term of probation previously ordered and discharge the defendant at any time . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S. Code § 3564. In so doing, the Court may consider the factors set forth in § 3553(a) "to the extent that they are applicable." *Id.* In the similar context of early termination of supervised release, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting 18 U.S.C. § 3583(e)(1); other internal quotation marks omitted).

Dr. Clark has successfully completed more than a year of her original three-year term of probation. Since her sentencing, she has incurred no allegations of any violations of her conditions of

supervision. Her conduct, both pre- and post-conviction, and the interest of justice weigh in favor of early termination. But for the single misdemeanor conviction, Dr. Clark otherwise has demonstrated a longstanding commitment to leading a lawful and productive life. 18 U.S.C. § 3553(a)(1); ECF No. 103 at 1-7 (describing Dr. Clark).

The Court should also consider the need for adequate deterrence and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2)(B) & (C). These factors too weigh in favor of early termination. The instant offense was an aberration. There is no risk that Dr. Clark will reoffend or engage in any conduct that could warrant further supervision.

As both the government and the Probation Office recognize, there is no need for any further supervision of Dr. Clark.

## CONCLUSION

For the reasons stated, Dr. Lindsay Clark respectfully requests that the Court terminate her term of probation.

Respectfully submitted,

Date: May 21, 2024         ILLOVSKY & CALIA LLP

*/s/ Matthew Dirkes*
Matthew Dirkes

Attorneys for Defendant
Dr. Lindsay Clark

**[PROPOSED] ORDER**

Having reviewed the foregoing unopposed motion and GOOD CAUSE having been shown, it is hereby ORDERED that for the reasons stated in the motion, defendant Lindsay Clark's term of probation is terminated and her sentence is discharged.

IT IS SO ORDERED.

Dated: May 22, 2024

_____
HON. SUSAN ILLSTON
United States Senior District Court Judge